IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**PACIFIC UNION FINANCIAL, LLC,**

**Plaintiff,**

v.  CIVIL ACTION NO. 2:18cv136

**LAVONE DICKSON,**

**Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Pacific Union Financial, LLC's ("Plaintiff") Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), requesting the Court to grant summary judgment in Plaintiff's favor on Count I for Quiet Title and Count II for Unlawful Detainer against Lavone Dickson ("Defendant"). Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Defendant brought property in Portsmouth, Virginia. On July 26, 2013, Defendant obtained a $254,241 mortgage loan from Old Mortgage, Inc. ("Loan") that was evidenced by a note ("Note") and secured by a deed of trust ("Deed of Trust") on Defendant's property. The Department of Veteran's Affairs Guaranteed Loan Authority ("VA") governed the regulations implemented on the Loan and the Deed of Trust governed the content of the pre-acceleration notices.

1

On or about August 9, 2013, Plaintiff acquired the Loan and the Loan was guaranteed by the VA. Defendant subsequently became in arrears on the payments on the Note and Plaintiff sent a notice of default dated August 26, 2014. On September 11, 2014, Dickson filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division. During the proceedings, the bankruptcy court ordered Defendant to resume Loan payments. Defendant still failed to make payments on the Loan and Plaintiff sent another notice of default on September 22, 2016. The notice warned Defendant that he had until October 27, 2016. If Defendant failed to cure the default, the notice warned Defendant that his default may result in acceleration, foreclosure by judicial proceedings where applicable, and sale of Defendant's property. Defendant failed to cure his default by October 27, 2016.

Subsequently, Plaintiff appointed a substitute trustee to foreclose on Defendant's property. The trustee scheduled the sale for May 10, 2017. On May 9, 2017, Defendant filed a complaint in Portsmouth Circuit Court, against Plaintiff, the day before the scheduled sale. As a result, Plaintiff cancelled the sale and Defendant still failed to make any payments on the Loan. Defendant agreed to nonsuit the Portsmouth action and the substitute trustee filed another foreclosure sale for September 27, 2017.

On September 26, 2017, the day before the September foreclosure sale, Defendant filed another complaint in Henrico County Circuit Court. Defendant also filed a memorandum of lis pendens in Portsmouth Circuit Court land records, which remains of record to date. Plaintiff then removed the case to the Eastern District of Virginia, Richmond Division. The court subsequently dismissed the case, pursuant to Rule 41(a), upon Defendant's request.

The foreclosure sale of Defendant's property officially took place on September 27, 2017. Plaintiff now claims fee simple title to Defendant's property through a quitclaim deed. Dickson failed to cure his default and now seeks to invalidate the September foreclosure sale to create a cloud on Plaintiff's title to the property.

On March 12, 2018, Plaintiff filed a Complaint against Defendant in this Court for Quiet Title (Count I) and Unlawful Detainer (Count II) following the foreclosure sale on September 27, 2017. ECF No. 1. On May 30, 2018, Plaintiff filed the instant Motion for Summary Judgment. ECF Nos. 16-17. On May 31, 2018, Defendant filed an Answer to the Complaint. ECF No. 18. Defendant filed a Response on June 29, 2018. ECF No. 24. Plaintiff filed a Reply on July 5, 2018. ECF No. 25.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney v. Bd. of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once a motion for summary judgment is properly made and supported, the opposing

party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986) (noting that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment).

### III. DISCUSSION

Plaintiff argues that the Court should grant the instant Motion because Defendant did not meet its burden in providing specific facts showing that there is a genuine issue for trial.

"The existence of a legally enforceable obligation is a question of law, not fact." *Filak v. George*, 267 Va. 612, 619 (2004) ("Virginia law recognizes that a note and deed of trust constitute a legally enforceable contract, which imposes obligations on the lender and borrower."). Adherence to acceleration notices required by a deed of trust is measured by the standard of substantial compliance. *See Mayo v. Wells Fargo Bank, N.A.*, No. 4:13cv163, 2015 WL 966042, at *6 (E.D. Va. Mar. 4, 2015), *aff'd*, 622 F. App'x 250 (4th Cir. 2015). Substantial compliance exists where the rights of the parties have not been affected in any material way. *Id.*

Pursuant to Plaintiff's Motion, Plaintiff contends that there is no genuine issue of material fact because Defendant conceded to all of Plaintiff's material factual allegations regarding this

matter and Defendant's disputed issue only concerns a legal matter. Plaintiff notes that Defendant admitted to all of Plaintiff's material factual allegations concerning Defendant's payment default and Plaintiff's issuance of pre-acceleration notices prior to the foreclosure sale on September 27, 2017. *See* ECF No. 24. However, Defendant denied that Plaintiff had the right to foreclose on Defendant's property by non-judicial means because its pre-acceleration notices warned Defendant only that "[f]ailure to cure [Defendant's] default may result in acceleration . . . , foreclosure by judicial proceeding where applicable, and sale of the property." ECF No. 1-5. Plaintiff notes that Defendant's dispute is legal and the material facts are undisputed because the Deed of Trust and VA regulations do not require that a lender specify a particular method of foreclosure within its pre-acceleration notices.

The acceleration notices show that Plaintiff substantially complied with the Deed of Trust and did not impact Defendant's rights because the notices warned Defendant that his failure to cure his default "may result in acceleration of the sums secured . . . and sale of the [p]roperty." ECF No. 1-1 at 10. Therefore, Plaintiff argues that there is no genuine issue for trial based on undisputed material facts, the terms of the Deed of Trust, and the applicable requirements of the VA regulations.

Defendant claims that a grant of summary judgment is premature because Plaintiff's notice failed to allow Defendant the extra time that follows a judicial foreclosure sale. Defendant argues that the notification was misleading because Defendant interpreted the notice to only warn Defendant of a judicial foreclosure sale and not a non-judicial foreclosure sale. Defendant contends that there are grounds for recession of the September foreclosure sale because discovery would show that "the misleading nature of the cure notice was intentional and

5

self-serving." ECF No. 24 at 6. Lastly, Defendant requests that the Court abstain from making a decision in this case because eviction matters are typically adjudicated in state courts.

The Court finds that Plaintiff did not need to specify the method of foreclosure in the acceleration clause because the phrase "where applicable" in the acceleration notice can reasonably include foreclosure by judicial means when applicable or non-judicial means where applicable. Plaintiff substantially complied with the notice requirement of the Deed of Trust because Defendant had reasonable notice that he was in default of his Loan payments, had the right to cure Defendant's default, the deadline for Defendant to cure its default, and the date of the foreclosure sale. *See Mayo*, 2015 WL 966042, at *6. Both of the acceleration notices properly informed Defendant of his default status and neither notice altered Defendant's rights under the Deed of Trust. *Id.* Most importantly, Defendant conceded to all of the material factual allegations of this dispute and failed to raise a genuine issue for trial. *See Anderson*, 477 U.S. at 250. For example, Defendant conceded to his default status and receiving notices of the foreclosure sale prior to the sale of Defendant's property at the September foreclosure sale.

Because Defendant conceded to the material factual allegations, the Court finds that, in the light most favorable to Defendant, there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law.

Additionally, the Court concludes that no abstention doctrine applies because this Court acquired in rem jurisdiction of the subject matter—Defendant's property—and can properly dispose of the matters before this Court. *See Gross v. Weingarten*, 217 F. 3d 208, 221 (4th Cir. 2000) (stating that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of other courts).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED**. Accordingly, this matter is hereby **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 14, 2018

/s/
**Raymond A. Jackson**
**United States District Judge**